UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **Kenneth Mayes,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No.: 2:23-cv-431 |
| | ) |
| **Capital One, N.A. Corporation, and** | ) |
| **Experian Information Solutions, Inc.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

\*\* \*\* \*\* \*\*
**VERIFIED COMPLAINT**

Comes the Plaintiff, Kenneth Mayes, by counsel, and for his Verified Complaint against the Defendants, Capital One N.A. Corporation ("Capital One") and Experian Information Solutions, Inc. ("Experian"), states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes; Capital One's false reporting of another individual's account on Plaintiff's Experian credit report; and Defendants' failure to correct the false reporting on Plaintiff's credit report.

## II. PARTIES

2. Plaintiff, Kenneth Mayes, is currently and was at all relevant times a citizen of the State of Indiana, residing in Gary, Indiana 46403.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Capital One, is a Virginia corporation doing business in the State of Indiana, with its principal place of business at 1680 Capital One Drive, McLean, Virginia 22102.

5. Capital One is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the State of Indiana, with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

7. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

9. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Lake County, Indiana, as a result of the Defendant doing business in Lake County, Indiana.

### IV. FACTUAL BACKGROUND

10. In or around July of 2023, Plaintiff accessed his Experian credit reports and discovered a derogatory Capital One tradeline that belongs to Plaintiff's father.

11. Immediately upon his discovery of the mixed-identity reporting, Plaintiff disputed the Capital One tradeline with Experian. In his dispute, Plaintiff explained that he was born in 1969, the account was opened in 1973, and that the account was on Plaintiff's credit report by

2

mistake. Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Capital One of the disputes at or within five (5) days of receiving notice of the dispute from Plaintiff.

12. In August of 2023, Plaintiff received Experian's dispute results. Despite Plaintiff's lawful request for removal of the Capital One tradeline, Capital One and Experian refused to delete the tradeline from Plaintiff's credit reports.

13. The Defendants' failure to investigate Plaintiff's disputes and maintain the accuracy of Plaintiff's credit history and their false reporting have damaged Plaintiff, in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act – Capital One

14. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 13 as if fully set forth herein.

15. Capital One's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Experian are violations of Capital One's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

16. Capital One's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Capital One is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

17. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 16, as if fully set forth herein.

18. Experian's failure to investigate Plaintiff's disputes and its failure to amend or delete its reporting of the subject tradeline, despite knowledge of the falsity of the disputed items, are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

19. Experian's failure to evaluate or consider any of Plaintiff's information, claims, or evidence, and its failure to make any and/or sufficient attempts to amend or delete its reporting of the disputed items within a reasonable time following Experian's receipt of Plaintiff's dispute are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

20. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Capital One**

21. Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs as if fully set forth herein.

22. Capital One's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Experian, despite Capital One's knowledge of the falsity of its reporting, are willful violations of Capital One's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

23. Given Capital One's knowledge of the falsity of its reporting, Capital One's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which Capital One is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Experian**

24. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 23 as if fully set forth herein.

25. Experian's failure to investigate Plaintiff's dispute and its failure to amend or delete its reporting of the subject tradeline, despite Experian's knowledge of the falsity of the disputed items, are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports, as stated in 15 U.S.C. §1681e(b), and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

26. Experian's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to amend or delete its reporting of the disputed items within a reasonable time following Experian's receipt of Plaintiff's dispute are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

27. Experian's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which Experian is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Kenneth Mayes, respectfully demands the following:

1. Judgment against the Defendants for statutory, compensatory, consequential, and punitive damages;

2. For attorneys' fees and costs; and,

3. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp & Associates
5214 S. East Street, Suite D1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: john@johnsteinkampandassociates.com
Counsel for Plaintiff

David W. Hemminger *(awaiting admission)*
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY  40202
Phone: (502) 443-1060
Facsimile: (502) 589-3004
Email: hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

DocuSign Envelope ID: B080B6D7-F037-40C6-AB3B-4067CE244175

## **VERIFICATION**

I, Kenneth Mayes, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

DocuSigned by:

/s/ Kenneth Mayes

1860D4DB71BB4E4...

Kenneth Mayes